CORNELIUSSEN & STAKGOLD, INC., Plaintiff, *v.* GENERAL ELECTRIC COMPANY et al., Defendants.

Supreme Court, Special Term, New York County, January 14, 1944.

*Mark F. Hughes* and *Alfred J. Callahan* for plaintiff.

*Orison S. Marden* and *Edward J. Kenn* for General Electric Company, defendant.

McLAUGHLIN, J. Motion for an examination before trial is granted as to all items. The limitation suggested as to the number of sets which this examination should cover cannot be sustained by the papers. The main objection, however, to an examination before trial at this time seems to be that this court should not act until the defendants receive permission from the British Government to submit to this examination. It is true that there is a clause in the contract concerning the secrecy of certain matters insofar as the defendants are concerned, but that cannot bind the plaintiff in any way. A suitor in this court cannot be deprived of his right to an immediate decision unless the court judicially acts upon a request from our Federal Government to the State Department or the United States Attorney-General, stating that it is for the best interests of our government and its allies in this time of war not to grant any decision in the matter at this time. The granting of this motion or the refusal to grant it is not a question of judicial courtesy to any

foreign government, because there is no such thing as judicial courtesy when the rights of litigants in our court intervene.

However, there should be certain safeguards thrown around this examination. The plaintiff states that it is not interested in anything but the sales. The examination shall be so limited. In addition, all questions of privilege or public policy can be determined by the Justice presiding in Special Term, Part II, when this matter comes before that court on the taking of the deposition. Again, the papers may be sealed. Surely, such protection is all that any government needs even in time of war.

Settle order.